# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

NICHOLAS PATRICK,

    Plaintiff,

vs.

HITCHCOCK, et al.,

    Defendants.

No. 2:17-CV-1045-TLN-CMK-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are: (1) plaintiff's complaint (Doc. 1); and (2) plaintiff's motion for injunctive relief (Doc. 7).

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: Hitchcock, Hathaway, McIntyre, Kingsley, Lee, and Boxall.  Plaintiff states that, on January 13, 2017, he was transferred to High Desert State Prison as "a non-adverse A-1-A inmate" due to his involvement in misconduct complaints against staff at another institution.  Plaintiff was informed of his housing assignment on January 12, 2017, by defendant Hitchcock.  Next, plaintiff states that defendant Lee witnessed him be sexually assaulted by another correctional officer on or about January 13, 2017.  According to plaintiff, defendant Lee denies seeing any sexual assault on plaintiff.

Plaintiff next claims that he was hit in the back of the head by another inmate

while watching television in the dayroom. Plaintiff does not specify when this allegedly occurred. Plaintiff states that he was attacked again by another inmate later the same day though, again, he does not specify the date. According to plaintiff, this time "defended himself." Defendant Kingsley ordered inmates to get down and plaintiff complied. Defendant Kingsley wrote plaintiff a rules violation report for fighting. Plaintiff was then re-housed in a different unit by defendant Hathaway. According to plaintiff, he was "forced to sign a compatibility chrono" by defendant Hathaway.

Plaintiff alleges that, prior to first being hit in the head in the dayroom, he had an interview with defendant Boxall who inquired as to plaintiff's current work assignment. Plaintiff states that he "believes Lt. Lee ordered CCI Boxall (bullied) to alert the two shot callers to hit Plaintiff and force him to lock up off the yard."

## II. DISCUSSION

### A. Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support

the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff characterizes his claim as one based on an alleged failure to protect.  The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833.  Liability exists only when two requirements are met:  (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk.  See Farmer, 511 U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge element.  See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk.  See Farmer,

511 U.S. at 844. The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Finally, the plaintiff must show that prison officials disregarded a risk. Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted. See Farmer, 511 U.S. at 844.

In this case, plaintiff has not alleged facts sufficient to show that, objectively, he was incarcerated under conditions presenting a substantial safety risk. To the contrary, plaintiff describes rather ordinary housing conditions, none of which posed any particular risk of harm beyond the typical risks associated with incarceration. Furthermore, plaintiff fails to allege any facts to suggest that any defendant knew of or should have known of a safety risk, or that any defendant knew of a risk and disregarded it.

As to defendants Lee and Boxall, plaintiff states that he "believes Lt. Lee ordered CCI Boxall (bullied) to alert the two shot callers to hit Plaintiff and force him to lock up off the yard." Plaintiff cites no facts to support his "belief." As indicated above, a mere suspicion is insufficient to sustain an Eighth Amendment safety claim.

**B.   Motion for Injunctive Relief**

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

In this case, plaintiff seeks an order "to prevent the defendants from continuing misconduct concerning Plaintiff's CDCR 602 appeals." The court finds that injunctive relief is not appropriate because plaintiff cannot show irreparable harm resulting from alleged misconduct in processing plaintiff's inmate grievances.

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's complaint (Doc. 1) be dismissed without leave to amend for failure to state a claim; and

2. Plaintiff's motion for injunctive relief (Doc. 7) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 14, 2018

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE