**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICHOLAS PATRICK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MCINTYRE, et al.,<br><br>　　　　Defendants. | No. 2:17-CV-1045-TLN-DMC<br><br><br><u>ORDER</u> |

Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is defendants' motion to compel discovery (ECF No. 33). Plaintiff submits no opposition.

**I. BACKGROUND**

On September 4, 2019, the Court issued a discovery and scheduling order allowing defendants to depose plaintiff and any other incarcerated witness upon condition that, at least 14 days before such a deposition, all parties would be served with the notice required by Federal Rule of Civil Procedure 30(b)(1). <u>See</u> ECF No. 28, pg. 2. The Court also stated that, if disputes arise about the parties' discovery obligations, the parties would comply with all pertinent rules, "including Federal Rules of Civil Procedure 5, 7, 11, 26, and 37 and Eastern District of California Local Rules 133, 134, 135, 137, 130, 131, 110, 141, 141.1, and 230(m); unless otherwise ordered,

1 | Local Rule 251 shall not apply." Id.

2 | On October 31, 2019, defendants noticed plaintiff for a deposition scheduled for December 11, 2019. See ECF No. 33-1, pgs. 15-17. Plaintiff informed defense counsel that he would be unable to appear at the deposition because it was scheduled for Sacramento, California and he was unable to travel from his location in Orange County, California. After telephonic communication, the parties agreed that defense counsel would notice a new deposition at a more accessible location for plaintiff. On December 4, 2019, defendants served an amended notice of deposition to plaintiff. The re-noticed deposition was scheduled for January 9, 2020, at 9:30 a.m. in Glendale, California. See id. at pg. 38-40. On January 9, 2020, defense counsel traveled from Sacramento to the deposition site in Glendale to conduct plaintiff's deposition. However, plaintiff ultimately did not appear for the deposition. Defense counsel did not receive any prior communications from plaintiff that he would not attend. According to defendants:

> Defense counsel expended at least three-and-a-half hours preparing for the deposition. (Romero Decl. ¶ 10.) Defense counsel further expended at least five hours traveling roundtrip between Sacramento and the deposition site—over 700 miles in total—which includes reasonable time that defense counsel waited for Plaintiff to appear at the deposition site. (Id.) These times do not include the time expended by the court reporter to be available for the deposition, nor the time expended by litigation staff to coordinate the re-noticed deposition. (Id.)

ECF No. 33-1, pg. 4.

As a result of plaintiff's failure to attend his deposition, defendants claim that they have been unduly prejudiced and seek the following: (1) an order compelling plaintiff to appear and provide testimony at deposition; (2) that the Court modify the current scheduling and discovery order to afford defendants sufficient time to take plaintiff's deposition and file any necessary dispositive motions; and (3) an order directing plaintiff to reimburse defendants for the expenses associated with plaintiff's failure to appear for his deposition. See id. at 8.

///
///
///
///

## II. DISCUSSION

Under the Federal Rules of Civil Procedure (FRCP), on motion, a court may order sanctions when a party fails to attend a properly noticed deposition. See Fed. R. Civ. P. 37(d)(1)(A)(i). In such an instance, a court may choose from a variety of possible sanctions, including evidentiary limitations, requiring the payment of reasonable expenses caused by the failure to attend the deposition, or even dismissal of the action. See Fed. R. Civ. P. 37(d)(3) & 37(b)(2)(A)(i) - (v).

The Court, through its September 28, 2019 discovery order, authorized the deposition of plaintiff. Defendants, after conferring with plaintiff over telephone, re-noticed plaintiff's deposition for a more accessible location to take place on January 9, 2020 in the southern California area. It appears undisputed[1] that, in the month between service of plaintiff's deposition notice and the date of the deposition, plaintiff did not tell defense counsel that he would not attend. With no indication that plaintiff would not attend, defense counsel incurred the expense of preparing for, and traveling to, plaintiff's deposition on the other side of the State. "As a result, [d]efendants incurred attorney's fees in preparing for [p]laintiff's deposition, costs related to court reporter services, travel costs, and attorney's fees in preparing the instant motion to compel—totaling in $4,156.55." ECF No. 33-1. Therefore, plaintiff has provided no justifiable reason for plaintiff's absence, and defendants were in fact prejudiced by plaintiff's failure to attend. The Court thus grants defendants' motion and warns plaintiff that failure to fully comply with this order may result in dismissal of this action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Plaintiff submits no opposition to the pending motion.

## III. CONCLUSION

Based on the foregoing, the Court hereby orders that:

1. Defendants' motion to compel discovery (ECF No. 32) is GRANTED;

2. Plaintiff shall, upon re-notice, appear for deposition at a location in the venue where this action was brought;

3. The discovery and scheduling order (ECF No. 28) shall be extended 60 days. The parties may conduct discovery until August 10, 2020 and all dispositive motions shall be filed by October 20, 2020; and

4. Plaintiff shall reimburse defendants for the reasonable expenses associated with his failure to appear at his deposition, totaling $ 4,156.55, within 30 days of the date of this order.

Dated:  June 12, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE