IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PATRICK,<br><br>          Plaintiff,<br><br>     v.<br><br>McINTYRE, et al.,<br><br>          Defendants. | No. 2:17-CV-1045-TLN-DMC<br><br><br>ORDER |

Plaintiff, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are: (1) plaintiff's motion to oppose sanctions (ECF No. 35); and (2) defendants' reply thereto (ECF No. 36).

**I. BACKGROUND**

This action proceeds on plaintiff's first amended complaint, filed on July 5, 2018, alleging deprivation of his due process rights under the Fourteenth Amendment. See ECF No. 17. On September 4, 2019, the Court issued a discovery and scheduling order allowing defendants to depose plaintiff and any other incarcerated witness in accordance with Federal Rule of Civil Procedure 30(b)(1). See ECF No. 28. Pursuant to that order, defendants noticed plaintiff's deposition for January 9, 2020. However, plaintiff failed to attend his noticed deposition. Subsequently, defendants filed a motion to compel discovery and requested reimbursement for

1

1    the expenses associated with plaintiff's non-appearance. See ECF No. 32. Plaintiff failed to file
2    an opposition to defendants' motion, and, upon review, the Court issued an order granting the
3    motion. See ECF No. 34. Pursuant to that order, the Court ordered plaintiff to appear for a re-
4    noticed deposition and to reimburse defendants for the reasonable expenses associated with his
5    failure to appear, totaling $4,156.55. Id. In response, plaintiff submitted his "motion to oppose
6    sanctions" and defendants submitted a reply to plaintiff's motion. See ECF No. 35 & 36.
7
8                                            **II. DISCUSSION**
9            **A.      Plaintiff's Motion to Oppose Sanctions**
10                   Plaintiff has submitted a motion before the Court titled "motion to oppose
11   sanctions for not appearing at the January 09, 2019 deposition in this action." See ECF No. 35,
12   pg. 1. Upon review, the Court notes that plaintiff's motion is simply a list of the reasons plaintiff
13   claims he was unable to attend the January 9, 2020 deposition. According to plaintiff, he was
14   unable to attend the deposition because: (1) plaintiff was physically unable to as a result of a
15   recent knee surgery; (2) plaintiff is indigent and could not afford to travel to the deposition
16   location; (3) plaintiff is homeless, and (4) plaintiff has only recently been approved for Section 8
17   housing. See id. at 3. Because plaintiff's motion is primarily focused on providing justification for
18   his non-appearance, the Court construes the motion as an opposition to plaintiff's motion to
19   compel discovery. "Opposition, if any, to the granting of the motion shall be served and filed
20   by the responding party not more than twenty-one (21) days after the date of service of the
21   motion . . . [f]ailure of the responding party to file an opposition or to file a statement of no
22   opposition may be deemed a waiver of any opposition to the granting of the motion and may
23   result in the imposition of sanctions." Eastern District of California Local Rule 230(l). So
24   construed, plaintiff's opposition, submitted four months after defendants' motion to compel
25   discovery was filed, is deemed untimely.
26   / / /
27   / / /
28   / / /

**B.     Defendants' Reply to Plaintiff's Response**

In response to plaintiff's motion to oppose sanctions, defendants submitted a "[r]eply to plaintiff's untimely opposition to defendants' motion to compel discovery and request to dismiss the case." See ECF No. 36. According to defendants, "[t]he Court should dismiss this action because plaintiff failed to comply with the June 12, 2020 order." Id. at 2. Because the Court construes plaintiff's motion to oppose sanctions as an opposition to plaintiff's motion to compel discovery, the Court shall construe defendants' reply as a motion for involuntary dismissal.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to follow local rules, see Ghazali, 46 F.3d at 53, failure to comply with an order to file an amended complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), failure to inform the district court and parties of a change of address pursuant to local rules, see Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), failure to appear at trial, see Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996), and discovery abuses, see Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993).

Because the Court construes defendants' reply as a motion for involuntary dismissal, plaintiff shall be granted 30 days from the date of this order to file an opposition to defendants' motion in light of the factors outlined above.

### III. CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to oppose sanctions (ECF No. 35) is construed as an untimely opposition to defendants' motion to compel discovery;

2. The Clerk of the Court is directed to update the docket to reflect that plaintiff's motion to oppose sanctions (ECF No. 35) is construed as an opposition to defendants' motion to compel discovery (ECF No. 33) and to terminate ECF No. 35 as a pending motion;

3. The Clerk of the Court is also directed to update the docket to reflect that defendants' reply to plaintiff's motion (ECF No. 36) is construed as a pending motion for involuntary dismissal of this action; and

4. Plaintiff may submit an opposition to defendants' motion for involuntary dismissal (ECF No. 36) within 30 days of the date of this order.

Dated:  August 3, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE