1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 NICHOLAS PATRICK,                          No.  2:17-CV-1045-TLN-DMC-P

12          Plaintiff,

13    v.                                      FINDINGS AND RECOMMENDATIONS

14 MCINTYRE, et al.,

15          Defendants.

16

17          Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42

18 U.S.C. § 1983.  Pending before the Court is Defendants' motion, ECF No. 36, to dismiss this

19 action as an appropriate sanction for non-compliance with a prior order requiring Plaintiff to

20 appear at his deposition and pay reasonable monetary sanctions.  Plaintiff has not opposed the

21 motion.

22          On March 13, 2020, Defendants filed a motion to compel Plaintiff's attendance at

23 his deposition.  See ECF No. 33.  On June 12, 2020, the Court granted Defendants' motion.  See

24 ECF No. 34.  The Court directed Plaintiff to appear at his re-noticed deposition.  See id. at 4.  The

25 Court also ordered Plaintiff to pay $4,156.55 in reasonable costs within 30 days of the date of the

26 Court's order.  See id.  Plaintiff was warned that failure to comply could result in terminating

27 sanctions.  See id. at 3.

28 / / /

1

1         In their motion for terminating sanctions, Defendants argue that Plaintiff has failed

2   to comply with the Court's order to reimburse defendants reasonable costs associated with their

3   motion to compel.  See ECF No. 36, pg. 3.  Plaintiff has offered no response.

4         The court must weigh five factors before imposing the harsh sanction of dismissal.

5   See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal

6   Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in

7   expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of

8   prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits;

9   and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52,

10  53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate

11  sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone,

12  833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where

13  there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.

14  1986).  Dismissal has also been held to be an appropriate sanction for failure to follow local rules,

15  see Ghazali, 46 F.3d at 53, failure to comply with an order to file an amended complaint, see

16  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), failure to inform the district court

17  and parties of a change of address pursuant to local rules, see Carey v. King, 856 F.2d 1439,

18  1440-41 (9th Cir. 1988) (per curiam), failure to appear at trial, see Al-Torki v. Kaempen, 78 F.3d

19  1381, 1385 (9th Cir. 1996), and discovery abuses, see Henry v. Gill Indus., Inc., 983 F.2d 943,

20  948 (9th Cir. 1993).

21        The Court finds that, on balance, these factors weigh in favor of dismissal.  First,

22  Plaintiff's failure to appear at his deposition thwarts the public's interest in expeditious resolution

23  of this case.  Second, Defendants have been prejudiced in that they have been unable to obtain

24  necessary discovery and, following Plaintiff's failure to appear at his deposition, they had to

25  expend significant resources – which Plaintiff has not reimbursed despite being order to do so –

26  in obtaining an order from the Court compelling Plaintiff's attendance.  Third, the Court clearly

27  warned Plaintiff that failure to comply with the June 12, 2020, order could result in terminating

28  sanctions, thus providing Plaintiff an opportunity for a less drastic sanction.  Additionally, this

1    Court has in countless prior cases dismissed actions solely for failure to pay filing fees or

2    monetary sanctions.   Finally, the Court observes that Plaintiff has not filed any opposition or

3    otherwise responded to Defendants' motion.

4            Based on the foregoing, the undersigned recommends that Defendants' motion,

5    ECF No. 36, for terminating sanctions be granted.

6            These findings and recommendations are submitted to the United States District

7    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

8    after being served with these findings and recommendations, any party may file written objections

9    with the Court.  Responses to objections shall be filed within 14 days after service of objections.

10   Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

11   Ylst, 951 F.2d 1153 (9th Cir. 1991).

12

13   Dated:  February 16, 2021

14
                               DENNIS M. COTA
15                             UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          3